

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

LY INVESTMENTS, LLC                                                      PLAINTIFF

V.                                               CASE NO.: 1:23cv291 TBM-RPM

ARCH SPECIALTY INSURANCE COMPANY;
UNITED SPECIALTY INSURANCE COMPANY;
and CERTAIN UNDERWRITERS AT LLOYD'S LONDON, being  Underwriters at Lloyd's
London UMR B1776BP202320M002 (16% most coverages) (Split 8% AAL 2012 and 8% ACS
1856)                                                                   DEFENDANTS

## JURY TRIAL DEMANDED

## COMPLAINT

**COMES NOW,** Plaintiff, LY INVESTMENTS, LLC (herein also referred to as
"Plaintiff"), through undersigned counsel, and files this, Complaint, complaining of ARCH
SPECIALTY INSURANCE COMPANY; UNITED SPECIALTY INSURANCE COMPANY;
and UNDERWRITERS AT LLOYD'S LONDON, Underwriters at Lloyd's London UMR
B1776BP202320M002 (16% most coverages) (Split 8% AAL 2012 and 8% ACS 1856) and for
cause of action alleges and shows unto the Court the following:

### I.    PARTIES AND DISCOVERY CONTROL PLAN

1.    Plaintiff affirmatively pleads discovery should be conducted pursuant to and/or
under a Scheduling Order to be issued by the Court.

1.2    Plaintiff, LY INVESTMENTS, LLC, is a Mississippi limited liability company and
a citizen of Harrison County, Mississippi, with its principle place of business in Harrison County,
Mississippi at 2414 Beach Blvd., Biloxi, Mississippi,  39531.

1.3     Made Defendant herein, ARCH SPECIALTY INSURANCE COMPANY, who is the underwriter for the policy, and who upon information and belief, is an alien insurer, insurance underwriter and/or securities broker or brokerage and/or derivative thereof, amenable to service of process through its contractually designated agent(s) for service of process, Corporation Service Company, 109 Executive Drive, Suite 3, Madison, Mississippi 39110, and/or by service upon its agent for process in Mississippi, Mike Chaney, the MISSISSIPPI COMMISSIONER OF INSURANCE at 501 N. West Street., Jackson, Mississippi 39201, and/or however or wherever else it may be found.

1.4     Made Defendant herein, UNITED SPECIALTY INSURANCE COMPANY, who is the underwriter for the policy, and who upon information and belief, is an alien insurer, insurance underwriter and/or securities broker or brokerage and/or derivative thereof, amenable to service of process through its corporate office at 1190 Devon Park Drive Wayne, Pennsylvania 19087, and/or by service upon its agent for process in Mississippi, Mike Chaney, the MISSISSIPPI COMMISSIONER OF INSURANCE who may be found at 501 N. West Street., Jackson, Mississippi 39201, and/or however or wherever else it may be found.

1.5     Made Defendant herein, CERTAIN UNDERWRITERS AT LLOYD'S LONDON, Underwriters at Lloyd's London UMR B1776BP202320M002 (16% most coverages) (Split 8% AAL 2012 and 8% ACS 1856) who is the underwriter for the policy, and who upon information and belief, is an alien insurer, insurance underwriter and/or securities broker or brokerage and/or derivative thereof, amenable to service of process through its corporate office at 280 Park Avenue, East Tower 25th Floor, New York, New York 10017, and/or by service upon its agent for process in Mississippi, Mike Chaney, the MISSISSIPPI COMMISSIONER OF INSURANCE who may

be found at 501 N. West Street., Jackson, Mississippi 39201, and/or however or wherever else it may be found.

## II.      JURISDICTION AND VENUE

2.1      Venue is proper in Harrison County, Mississippi as all or a substantial part of the acts, events or omissions giving rise to the basis for this suit occurred in Harrison County, Mississippi, particularly, the damages and losses to Plaintiff's business which was insured by Defendant(s) occurred in Harrison County, Mississippi.

2.2      Jurisdiction is proper in this Court because the requested relief and the amount in controversy exceeds the minimum jurisdictional limits of this Court, exclusive of costs, attorney's fees and interest.

2.3      Plaintiff brings this suit for breach of contract and resulting contractual damages, loss, depreciation withheld, for the just and adequate compensation for the acts and omissions of Defendants for failure to perform under contract(s) of property insurance, for costs, for attorney's fees and for all other consequential damages naturally resulting from Defendants' breach of contract and/or negligent conduct.

## III.      NATURE OF CASE

3.1      This lawsuit is necessary to recover of and from Defendants for property insurance contract benefits and damages, costs, expenses, attorney's fees and interest as a result of extensive damage and loss sustained by Plaintiff to their insured property as a direct and proximate result of Hurricane Zeta CAT 2074 on October 28, 2020.

3.2      At all times material, Plaintiff was on October 28, 2020, and is, the owner of the property located at 2414 Beach Blvd., Biloxi, MS  39531, being operated as a Quality Inn hotel.

3.3     Plaintiff purchased a comprehensive policy of Residential Property Insurance underwritten by Ventus Risk Management, Inc., which was effectuated with Arch Specialty Insurance Company (64% most coverages), United Specialty Insurance Company, (20% most coverages) and Underwriters at Lloyd's London UMR B1776BP202320M002 (16% most coverages) (Split 8% AAL 2012 and 8% ACS 1856) and assigned as Policy Number VETGF03518200 ("the Policy") which said policy was in full force and effect on October 28, 2020, when Hurricane Zeta came ashore Coastal Mississippi and severely damaged Plaintiff's hotel property and business.

3.4     Plaintiff dutifully and promptly paid all premiums due to the Defendants totaling $113,373.98 and the Policy was in full force and effect on October 28, 2020.

3.5     At all times material, Plaintiff had in full force and effect a policy/policies of insurance for the hotel property located at 2414 Beach Blvd., Biloxi, Mississippi, 39531, issued by Defendants inuring to the benefit of Plaintiff by the payment of premiums.

3.6     After Plaintiff's insured property sustained extensive damage and loss as a result of Hurricane Zeta, Plaintiff properly and promptly submitted a claim, seeking to obtain benefits under the Policy, as was their right.  A Partial Proof of Loss was presented to the carrier's third party adjusting company assigned to the claim on or bout January 25, 2021, claiming loss and damage totaling $3,276,510.37.

3.7     Defendants conducted a cursory investigation of the loss, initially sending its representative(s) including, but not limited to Dan Hanson with Alacrity Claim Solutions, to inspect the property, and assigning claim No. ARC-0000215 to Plaintiff's claim.  However, rather than accepting responsibility to fully pay for the entire loss, Defendants stated their estimate after applying the deductible built into the policy, the payment arrived at by Dan

4

Henson and Alacrity Claim Solutions was less than amount of Plaintiff's deductible resulting in zero dollars being paid for this loss. The only rationale for not paying Plaintiff's claim that was provided was an engineer's report from Halliwell Engineering Associates dated January 4th, 2021, and authored and signed by Donald M. Leffert, P.E.

3.8     An insurance contract is a contract of adhesion and should be construed in the light most favorable to the insured.

3.9     The concept of insurance is that insurance is the insurer's granting of prompt indemnity or security against a contingent loss.

3.10     Inherent in any insurance contract is the premise that payment must be made promptly so that the insured may mitigate his or her damages and be put back into the position he or she was, prior to the loss, and as quickly as possible.

3.11     In Mississippi, a special relationship exists between an insurer and its insured and is commonly described as one of the utmost of good faith and fair dealing.

3.12     In Mississippi, the work of adjusting insurance claims engages the public trust.

3.13     Plaintiff alleges they have either complied with all conditions precedent to obtaining payment of benefits under the Policy from Defendants, or Defendants have waived and/or is estopped from raising such conditions precedent.

3.14     Plaintiff gave notice of a claim shortly after Hurricane Zeta, and it was assigned Claim no. ARC-0000215 and Partial Proof of Loss was submitted by Noble Public Adjusting on or about January 25, 2021, seeking to obtain insurance benefits under the Policy after their insured property sustained damage and loss as a result of Hurricane Zeta on October 28, 2020. A copy of Partial Proof of Loss supported by a Noble Public Adjusting Noble Public Adjusting

5

damage estimate totaling $3,276,510.37 was submitted on or about January 25, 2021 and rejected by Defendants and Alacrity Claim Solutions.

3.15    Plaintiff's losses totaling $3,276,510.37 (which amounts may be increased after new construction repair estimates are completed) were covered under the policy; unfortunately, to date, Defendants have failed and/or refused to adequately perform under the Policy, compensate, pay and/or reimburse Plaintiff as required under the Arch Policy and Mississippi law, or otherwise accept responsibility and/or provide coverage or compensate Plaintiff for all of their damages/losses, causing your Plaintiff additional consequential damages.  Plaintiff has retained additional experts to evaluate the costs of repair which evaluation is currently ongoing, as to the property damages, the business interruption losses expected during construction, and the losses to personal property and demands all amounts determined by a jury to be appropriate and fair to fully compensate Plaintiff for its claims under policy No. VETGF03518200 which Plaintiffs allege are at least $3,276,510.37 subject to amendment and modification as new information is learned.

## IV.    **FACTS**

4.1    On or about October 28, 2020, Plaintiff's property located at  2414 Beach Blvd., Biloxi, MS  39531, sustained damage, losses, destruction and depreciation directly and/or indirectly from Hurricane Zeta CAT 2074.

4.2    A copy of the Arch Specialty Insurance Company's *certified policy* insuring Plaintiff's property is attached hereto as **EXHIBIT "A"** made a part hereof and incorporated by reference herein.

## V.    **DAMAGES & LIABILITY**

5.1    Plaintiff alleges all damage and loss claimed herein is a direct result of, and/or arising from and related to, Hurricane Zeta CAT 2074's winds which is a covered cause of loss under the Arch Policy.

5.2    Plaintiff sustained damages, suffered losses and depreciation, has incurred and will incur in the future additional expenses and other ancillary costs and expenses such as business income losses and additional consequential damages, and has been forced to hire the services of an attorney and public adjusters.

5.3    There is no dispute that Plaintiff properly and timely submitted their claims related to Hurricane Zeta CAT 2074.

5.4    At the time of this filing, Defendants have made no payments, credits, repairs, remediation or other services.  This leaves $3,276,510.37 in underpayment of insurance benefits, together with amounts for business personal property damaged totaling approximately $500,000.00, Restoration and mitigation charges of $400,000.00, expected lost business income and revenue in an amount to be determined by a jury due to operations being shut down at the Quality Inn Biloxi for expected and necessary extensive repairs to repair correctly all damages from Hurricane Zeta.

5.5    It can be reasonably expected Plaintiff will continue to suffer future damage, losses, consequential damages and incur additional living expenses, costs and attorneys' fees up through and until the time the remainder of Plaintiff's claims are fully satisfied.

5.6    Plaintiff's total estimated damages and actual physical losses as a result of Hurricane Zeta were estimated on December 2, 2020.

5.7    Plaintiff's sufficient Partial Proof of Loss and notice of claim with documented estimated damages and actual physical loss was submitted to Defendant stating its claim of at least $3,276,510.37 on or about January 25, 2021.

5.8    Defendant has made no payments, credits, repairs, remediation or services stating that their estimate of Hurricane Zeta storm damage was less than Plaintiff's 3% hurricane deductible. This leaves $3,276,510.37 in underpayment of property building coverage insurance benefits, together with all amounts to be determined by the jury for business personal property, lost business revenue and income, mitigation losses and costs incurred, and other consequential damages.

5.9    Plaintiff asserts Defendants breached their contractual duties owed under the Policy by failing to timely make complete claims payments, failing to promptly and properly adjust Plaintiff's claim, failing to issue satisfactory unconditional tender, and failing to satisfy Plaintiff's claims after being provided sufficient proof of loss and afforded ample opportunity to adjust and inspect Plaintiff's losses.

5.10    Plaintiff asserts Defendants breached the duty of good faith and fair dealing owed to Plaintiff which proximately caused other additional consequential damages and loss to Plaintiff as a result of Defendants' failure to promptly adjust and pay Plaintiff's losses, specifically, additional property damage due to untimely repairs, higher construction and material costs, attorney fees, litigation expenses, expert fees and costs.

5.11    Plaintiff has suffered and continues to suffer consequential damages, loss of use, diminution of value and depreciation proximately and directly as a result of the separate and distinct acts and/or omissions of Defendants, for which Defendant is/are liable.

8

5.12    Plaintiff has engaged and/or expected to be required to retain the services of experts in connection with this claim which she seeks be cast as costs of court, along with deposition costs also expected to be incurred, for which Plaintiff demands reimbursement as costs.

5.13    Defendants' acts or omissions constitute a breach of the covenant of good faith and fair dealing which renders Defendants responsible for the damages suffered by Plaintiff for which Plaintiff seeks to recover of and from Defendants.

5.14    Plaintiff asserts all of the foregoing acts and/or omissions are separate and district acts or omissions and each a direct and proximate cause of Plaintiff's damages, losses, depreciation, consequential damages, costs and expense.

## VI.    ATTORNEY FEES, COSTS & INTEREST

6.1    Plaintiff seeks to recover the reasonable, necessary, equitable and just attorney fees and costs they have incurred and will incur herein, along with their costs of court, pre- and post-judgment interest at the highest lawful rate, and all other elements of damages not specifically identified herein to which Plaintiff is entitled to under Mississippi law, including equitable relief.

## VII.    CONDITIONS PRECEDENT

7.1    All conditions precedent to Plaintiff's claims for relief have been met, have been performed or have occurred.

## VIII.    JURY TRIAL

8.1    Plaintiff requests a trial by jury of all issues so triable and tenders the jury fee with this Complaint.

**WHEREFORE PLAINTIFF PRAYS** Defendants be duly cited in terms of Mississippi law to appear and answer, and after due proceedings are had there be Judgment against all Defendants, jointly and severally,  in favor of your Plaintiff in an amount sufficient to fully and

fairly compensate for all contract damages, consequential damages plead herein, costs of court, attorney's fees, plus judicial interest thereon, and for all such other and further relief, both general and special, to which Plaintiff may be entitled under Mississippi law, equity and general common law.

Respectfully submitted:

By: _____

William B. Weatherly, Esq.
MS Bar No. 7044
1643 E. Pass Road, Suite E
Gulfport, Mississippi  39507
Phone: (228) 206-5666
E-mail:  wbw@weatherlylaw.net

**PLEASE SERVE DEFENDANT ALONG WITH ALL EXHIBITS:**

**ARCH SPECIALTY INSURANCE COMPANY**
c/o Mike Chaney
Mississippi Commissioner of Insurance
501 N. West Street
Jackson, Mississippi 39201

and/or

**ARCH SPECIALTY INSURANCE COMPANY**
c/o Their Registered Agent: Corporation Service Company,
109 Executive Drive, Suite 3
Madison, Mississippi 39110

*however or wherever else it may be found*

**UNITED SPECIALTY INSURANCE COMPANY**
c/o Mike Chaney
Mississippi Commissioner of Insurance
501 N. West Street
Jackson, Mississippi 39201

and/or

**UNITED SPECIALTY INSURANCE COMPANY**
1190 DEVON PARK DRIVE
WAYNE, PENNSYLVANIA 19087

*however or wherever else it may be found*

**CERTAIN UNDERWRITERS AT LLOYD'S LONDON,** being Underwriters at Lloyd's London UMR B1776BP202320M002 (16% most coverages) (Split 8% AAL 2012 and 8% ACS 1856)
c/o Mike Chaney
Mississippi Commissioner of Insurance
501 N. West Street
Jackson, Mississippi 39201

and/or

**CERTAIN UNDERWRITERS AT LLOYD'S LONDON,** being Underwriters at Lloyd's London UMR B1776BP202320M002 (16% most coverages) (Split 8% AAL 2012 and 8% ACS 1856)
c/o LLOYD'S AMERICA'S INC.
280 Park Avenue
East Tower - Entire 25th Floor
New York, New York 10017

*however or wherever else it may be found*